| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| FORMAN HOLT ELIADES<br>& YOUNGMAN LLC<br>80 Route 4 East, Suite 290<br>Paramus, NJ 07652<br>(201) 845-1000<br>Attorneys for Charles M. Forman,<br>Chapter 7 Trustee | |
| In Re:<br><br>RICHARD MACZUGA,<br><br>                    Debtor. | Chapter 7<br>Case No. 12-16027 (RG) |
| CHARLES M. FORMAN, Chapter 7 Trustee,<br><br>                    Plaintiff,<br>v.<br><br>SUSAN SIENKIEWICZ MACZUGA,<br><br>                    Defendant. | Adv. Proc. No. 13- |

**COMPLAINT TO AVOID FRAUDULENT TRANSFER PURSUANT TO
11 U.S.C. §§544 AND 548 AND N.J.S.A. 2A:25-25 AND 2A:25-27,
<u>AND RECOVER TRANSFER PURSUANT TO 11 U.S.C. §550</u>**

Charles M. Forman, the chapter 7 trustee (the "Plaintiff" or "Trustee") appointed to administer the bankruptcy estate of Richard Maczuga (the "Debtor"), through his attorneys, Forman Holt Eliades & Youngman, LLC, by way of Complaint against Susan Sienkiewicz Maczuga (the "Defendant") alleges that:

### **JURISDICTION**

1. This adversary proceeding is brought in the Debtor's bankruptcy case now pending in this Court.

00270108 - 1

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, 11 U.S.C. §§ 544, 548 and 550 and Fed. R. Bankr. P. 7001(1).

3. The claims asserted in this adversary proceeding are core matters under 28 U.S.C. § 157(b)(2)(H) and (O).

4. Venue is proper pursuant to 28 U.S.C. § 1409(a).

## PARTIES

5. On March 8, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code").

6. On March 9, 2012, the Office of the United States Trustee appointed the Trustee to serve as the chapter 7 trustee for the Debtor's bankruptcy estate.

7. Defendant, Susan Sienkiewicz Maczuga, is the former wife of the Debtor and has a last known address of 114-116 Humphrey Avenue, Bayonne, New Jersey.

## GENERAL ALLEGATIONS

8. On or about January 10, 2011, a Judgment of Divorce was entered under Docket No. FM-09-2324-10 in the Superior Court of New Jersey, Hudson County, dissolving the marriage of the Debtor and the Defendant.

9. The Judgment of Divorce incorporated a Property Settlement Agreement that the Debtor and the Defendant entered into on or about January 10, 2011.

10. The Judgment of Divorce did not merge the Property Settlement Agreement into the Judgment of Divorce, as the Superior Court did not hear any testimony nor make any judgments as to the specific provisions of the Property Settlement Agreement.

11. Pursuant to the terms of the Property Settlement Agreement, the Debtor waived all right title and interest he had in the formal marital residence located at 114-116 Humphrey Avenue, Bayonne, New Jersey (the "Property").

12. On or about April 30, 2010 (the "Transfer Date"), the Debtor transferred his interest in the Property to the Defendant (the "Transfer").

13. Upon information and belief, on the Transfer Date the Property had a fair market value of $270,000, was encumbered by a lien in the amount of $69,609.00, and therefore had equity in the amount of $200,391.

14. Based on the Trustee's investigation, the Debtor had over $75,000 of unsecured personal debt and had personally guaranteed over $200,000 in business debt at the time of the Transfer.

15. After the Debtor transferred the Property to the Defendant, he had no assets of significant value remaining.

16. After the Debtor transferred the Property he was aware he had or would incur debts which he would be unable to pay.

## COUNT ONE
### (Fraudulent Transfer)

17. The Trustee repeats all allegations contained in this Complaint as if fully set forth herein.

18. The Transfer was made with actual intent to hinder, delay or defraud present and future creditors of the Debtor.

19. The Debtor received less than a reasonable equivalent value in exchange for the Transfer to the Defendant.

20. The Debtor was insolvent at the time of the Transfer or became insolvent as a result

thereof and/or the Debtor was engaged in a transaction or was about to engage in a transaction for which property remaining with the Debtor was an unreasonably small capital and/or the Debtor intended to incur or believed he would incur debts that would be beyond his ability to pay as same matured.

21.  The Transfer is avoidable by the Trustee pursuant to 11 U.S.C. § 548.

22.  The Transfer is avoidable by the Trustee pursuant to 11 U.S.C. § 544 and N.J.S.A. 2A:25-25 and 2A:25-27.

23.  The Trustee may recover the avoided Transfer from the Defendant under 11 U.S.C. § 550.

WHEREFORE, the Trustee seeks judgment against the Defendant avoiding the Transfer, and directing the return of the Transfer to the estate, together with interest and costs of suit, and for such further relief as the court may allow.

## COUNT TWO
### (Unjust Enrichment)

24.  The Trustee repeats all allegations contained in this Complaint as if fully set forth herein.

25.  The Debtor transferred the Property to the Defendant without adequate consideration, and conferred a benefit upon the Defendant.

26.  Although the Settlement was part of a divorce judgment, it was made by consent of the parties and was not a judicial division of marital assets.

27.  The Defendant was aware that she received a benefit when she accepted titled to the Property without providing valuable consideration in exchange.

28. The Defendant was unjustly enriched by the Transfer, as the transfer of the Property enabled the Defendant to take title to the Property and any proceeds derived from a subsequent sale, without providing any value in return to the Debtor as transferor.

WHEREFORE, the Trustee seeks judgment against the Defendant finding the Defendant was unjustly enriched, together with damages, interest and costs of suit, and for such further relief as the court may allow.

                              FORMAN HOLT ELIADES
                                &amp; YOUNGMAN, LLC
                              Attorneys for the Chapter 7 Trustee

By:   */s/Erin J. Kennedy*
      Erin J. Kennedy

Dated: September 9, 2013